Lisa Alexis Jones (LJ 1268)
(laj@robinsonbrog.com)
ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK, P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Tel:     (212) 603-6300
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JUDITH SANDRINE DIKAMBI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *COMPLAINT AND* |
| | ) | *JURY TRIAL DEMANDED* |
| | ) | |
| CITY UNIVERSITY OF NEW YORK | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DR. CARLTON J. ADAMS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff Judith Sandrine Dikambi, by and through undersigned counsel, and states as follows:

1.      Plaintiff brings this action pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, as to Defendant City University of New York, and the New York State Human Rights Law and the New York City Human Rights Law, as to Defendant Dr. Carlton J. Adams in his individual capacity, for discrimination on the basis of gender and national origin discrimination and retaliation in employment.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court is founded pursuant to 42 U.S.C. § 2000e and 28 U.S.C. § 1331. Plaintiff also invokes this Court's pendent jurisdiction to adjudicate state law claims.

3.      Venue lies in this Court, pursuant to 28 U.S.C. §§ 1391 and 42 U.S.C. § 2000e-5(f)(3), since the employment practices alleged to be unlawful were committed by defendants and its agents, relevant employment records are maintained and administered within the State of New York and this District and the Defendant City University of New York's principal place of business is located in this District.

**PARTIES**

4.      Plaintiff, Judith Sandrine Dikambi ("Ms. Dikambi"), is an adult black female of African  national origin, and a bona fide resident of the Bronx County in the State of New York.

5.      Defendant City University of New York ("CUNY") is the public university system of New York City.

6.      John Jay ("John Jay") College of Criminal Justice is a public college within the CUNY system of colleges.

7.      Defendant Dr. Carlton Jama Adams (Dr. Adams) is a an African-American male and at the time of the events herein was a professor of Africana Studies at John Jay.

8.      On or about October 22, 2018, Ms. Dikambi filed a Charge of Discrimination was filed with the EEOC.

9.      On or about July 29, 2019, the EEOC mailed a letter providing her with the right to sue defendant.  Accordingly, Ms. Dikambi has exhausted her administrative remedies under Title VII.

**FACTS COMMON TO ALL COUNTS**

10.     Ms. Dikambi began her employment with John Jay College in 2005 as a coordinator for Undergraduate Programs and Initiatives.

11.     In about 2014, Mr. Dikambi sought Dr. Adams's assistance with the completion of a paper for her Master's thesis.

12.     Although he was not then in Ms. Dikambi's supervisory chain,  Dr. Adams was a well-known researcher, speaker and education media figure.

13.     Throughout her professional relationship with Dr. Adams, Ms. Dikambi endured incessant unwanted sexual advances by him, culminating in a nonconsensual sexual interaction in 2014 during a writing session at Adams's home.

14.     In January 2017, Ms. Dikambi was transferred to the Africana Studies Department under the direct supervision of Adams, who was then Chair of the department. Almost immediately, Ms. Adams was exposed by Adams to a barrage of unrelenting and daily xenophobic, sexists and vulgar remarks about her African heritage, appearance and professional competence.

15.     Adam's conduct toward Ms. Dikambi made her work environment unbearable and created a toxic and hostile work environment.

16.     In July 2017, Ms. Dikambi lodged an internal complaint and within nine months of her stint in Africana Studies, she was transferred to the Political Science department and out of Adams's supervision. As a result of Ms. Dikambi's complaint, Adams, in addition, was directed to have no contact with her. By accepting the transfer, however, Ms. Dikambi was forced to suffer a demotion to her current position, performing nothing more than administrative duties that continue to thwart her professional development and advancement.

16.     On February 8, 2018, despite being subject to a "no contact" order, Adams entered Ms. Dikambi's office with a copy of the paper he had assisted her with four years earlier. Adams provided no explanation for his breach of the non-contact directive or why it was necessary to deliver the four-year-old paper to Ms. Dikambi. Rather, Adams simply entered her office, silently handed her the document and walked out·. Ms. Dikambi took Adams's conduct as a not so subtle reminder of his prior mistreatment of Ms. Dikambi, including his acts of sexual misconduct during the preparation of the paper, and a thinly-veiled threat of retaliation for lodging her 2017 complaint.

17.     At the time Adams violated the no contact order, Ms. Dikambi was participating and cooperating with additional investigations by John Jay into gender discrimination complaints against Adams lodged by other female employees.

### FIRST CAUSE OF ACTION
**Violation of Title VII –Gender Discrimination**
(Against Defendant CUNY)

18.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "17" as if originally pleaded herein.

19.     Defendant, CUNY, through its agents or supervisors, unlawfully discriminated against Ms. Dikambi in her employment because of her sex and national origin without cause of justification in violation of Title VII of the Civil Rights Act of 1964, as amended.

20.     As a direct and proximate result of the illegal employment discrimination by Defendant CUNY, Ms. Dikambi has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Dikambi has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under Title VII, all the back pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII, compensatory damages in an amount to be determined at trial;

(c)     To award her reasonable attorney's fees and costs of this action; and

(d)     To award her such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Violation of Title VII – Hostile Work Environment
(As to Defendant CUNY)

21.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "20" as if originally pleaded herein.

22.     Defendant CUNY, through its agents or supervisors, unlawfully discriminated against Ms. Dikambi in her employment because of her sex and national origin when it created and allowed the continuation of a hostile and abusive environment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

23.     As a direct and proximate result of the illegal hostile and abusive environment fostered by Defendant CUNY, Ms. Dikambi has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. Dikambi has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under Title VII, all the back pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII, compensatory damages in an amount to be

determined at trial;

(c)     To award her reasonable attorney's fees and costs of this action; and

(d)     To award her such other and further relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**Violation of Title VII – Unlawful Retaliation**
(As to Defendant CUNY)

24.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "23" as if originally pleaded herein.

25.     Defendant CUNY, through its agents or supervisors, unlawfully discriminated against Ms. Dikambi in her employment when it subjected her to disparate treatment and a hostile work environment without cause or justification in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

26.     As a direct and proximate result of the illegal employment discrimination by Defendant CUNY, Ms. Dikambi has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Dikambi has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

27.     Ms. Dikambi is informed and believes that the outrageous conduct of Defendant CUNY described above was done with malice and with conscious disregard for her federally protected rights. Defendant CUNY, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

(a)     To award her, under Title VII, all the back pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII, compensatory damages in an amount to be

determined at trial;

    (c)      To award her reasonable attorney's fees and costs of this action; and

    (d)      To award her such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Violation of New York State Human Rights Law
(As to Dr. Carlton J. Adams)

28.      Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "27" hereinabove set forth.

29.      Defendant Adams engaged in a pattern and practice of gender and national origin discrimination by subjecting Ms. Dikambi to disparate treatment, a gender-based abusive and hostile environment and unlawful retaliation, in violation of the New York State Human Rights Law, New York State Executive Law §296 *et seq*.

30.      The above-described illegal conduct created an intimidating, oppressive, hostile and offensive work environment, which interfered with Ms. Dikambi's emotional well-being.

31.      Defendant Adams at all times relevant hereto had actual and constructive knowledge of the conduct described above.

32.      As a result of the hostile and offensive work environment perpetrated and maintained by Defendant Adams, Ms. Dikambi suffered severe emotional distress.

33.      As a direct and proximate result of Defendant Adams's willful, knowing and intentional discrimination against her, Ms. Dikambi has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

34.      Ms. Dikambi is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant Adams described above was done with a conscious disregard for

her rights and with the intent and purpose of injuring her.

WHEREFORE plaintiff respectfully prays this Court:

(a)  To award her all the back pay and fringe benefits she has lost as a result of defendant's unlawful conduct against her;

(b)  To award her compensatory damages in an amount to be determined at trial;

(c)  To award her punitive damages in the amount the be determined at trial;

(d)  To award her reasonable attorney's fees and costs of this action; and

(e)  To award her such other and further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Violation of the New York City Human Rights Law
(As to Dr. Carlton J. Adams)

35.  Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "34" hereinabove set forth.

36.  Defendant Adams engaged in a pattern and practice of gender and national origin discrimination by subjecting Ms. Dikambi to disparate treatment, a gender-based abusive and hostile environment and unlawful retaliation, in violation of the New York City Human Rights Law, New York City Administrative Code §8-101 *et seq*.

37.  The above-described illegal conduct created an intimidating, oppressive, hostile and offensive work environment, which interfered with Ms. Dikambi's emotional well-being.

38.  Defendant Adams at all times relevant hereto had actual and constructive knowledge of the conduct described above.

39.  As a result of the hostile and offensive work environment perpetrated and maintained by Defendant Adams and Defendant's failure to protect Ms. Dikambi from further

harassment, Plaintiff suffered severe emotional distress.

40.    As a direct and proximate result of Defendant Adams's willful, knowing and intentional discrimination against her, Ms. Dikambi has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

41.    Ms. Dikambi is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant Adams described above was done with a conscious disregard for her rights and with the intent and purpose of injuring her.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her all the back pay and fringe benefits she has lost as a result of defendant's unlawful conduct against her;

(b)    To award her compensatory damages in an amount to be determined at trial;

(c)    To award her punitive damages in the amount to be determined at trial;

(d)    To award her reasonable attorney's fees and costs of this action; and

(f)    To award her such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues.

> Respectfully submitted,
>
> ROBINSON BROG LEINWAND
> GREENE GENOVESE & GLUCK, P.C.
>
>
> By:    */s/ Lisa Alexis Jones*
>        Lisa Alexis Jones, Esq. (LJ 1268)
> 875 Third Avenue, 9th Floor
> New York, N.Y. 10022
> (212) 603-6300
> laj@robinsonbrog.com

*Counsel for Plaintiff*

Dated: October 26, 2019