USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH SANDRINE DIKAMBI,

Plaintiff,

v.

CITY UNIVERSITY OF NEW YORK, DR. CARLTON J. ADAMS,

Defendants.

No. 19-CV-9937 (RA)

MEMORADUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Judith Sandrine Dikambi filed this action against the City University of New York ("CUNY") and Dr. Carlton J. Adams, alleging gender discrimination, sexual harassment, and unlawful retaliation in violation of federal and state law. Now before the Court is Plaintiff's motion for leave to file a second amended complaint. For the reasons that follow, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff commenced this action on October 27, 2019. *See* Dkt. 1. On March 13, 2020, CUNY filed a motion to dismiss all causes of action asserted against it. Dkt. 19. Plaintiff subsequently filed her First Amended Complaint without notifying the Court as required by Paragraph 4C of this Court's Rules & Practices in Civil Cases. Dkt. 27. On May 14, 2020, CUNY submitted a renewed motion to dismiss. Dkt. 32. Adams filed his first motion to dismiss on June 15, 2020. Dkt. 37. Nine days later, Plaintiff requested—and the Court granted—a one-week

extension on the deadline to file a response or opposition to Adams's motion to dismiss. *See* Dkt. 40-41. On June 30, 2020, Plaintiff filed its opposition to CUNY's motion to dismiss. Dkt. 46. Plaintiff additionally filed a Second Amended Complaint ("SAC") without Defendants' consent and without seeking prior leave of the Court, as required by Federal Rule of Civil Procedure 15(a)(2). Dkt 43. On July 1, 2020, the Court ordered Plaintiff to seek leave to file the SAC, and to explain why the Court should not deny leave due to "futility, bad faith, undue delay, or undue prejudice." Dkt. 47.

**LEGAL STANDARDS**

A motion to amend is evaluated under Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). "[T]o the extent that [a plaintiff] raises a legitimate claim, the policy considerations that undergird the Federal Rules counsel in favor of affording litigants an opportunity to resolve their claims on the merits." *Fershtadt v. Verizon Commc'ns Inc.*, 262 F.R.D. 336, 338 (S.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

District courts have broad discretion in ruling on a motion for leave to amend. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* "Mere delay," however, "is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Parker*, 204 F.3d at 339.

**DISCUSSION**

The Court concludes that permitting Plaintiff to amend her complaint in this instance will not unduly delay proceedings or prejudice Defendants, and therefore grants the motion.

As an initial matter, although CUNY opposes the motion, it does not allege that granting Plaintiff's motion would cause it any prejudice, or that it was brought in bad faith. *See* Dkt. 56. Adams, by contrast, avers that the proposed amendment is prejudicial and in bad faith. *See* Dkt. 58 at 14. The Court disagrees. Because Plaintiff offers a valid explanation for the second amendment—to address the pleading deficiencies raised in Adams's motion to dismiss, as she did in response to CUNY's motion—Adams's allegation of bad faith is unpersuasive.

Nor would amendment be prejudicial to Adams. "Prejudice arises when the amendment would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Soroof Trading Dev. Co. v. GE Microgen, Inc*., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (quoting *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)). No such concerns exist here. Plaintiff maintains that the additional factual allegations in the SAC are not particularly complex, and would not require Adams to expend any additional resources to respond. *See* Dkt. 49 at 9. Adams appears to agree, as he claims that the SAC is "nearly identical to the First Amended Complaint," and thus would not require him to prepare a renewed motion to dismiss. Dkt. 58 at 16.

Granting the motion would also not significantly delay resolution of this case. When a plaintiff amends her complaint pending a motion to dismiss, the Court has the discretion to either deny the motion as moot or consider the merits of the pending motion in light of the amended complaint. *See, e.g., NewMarkets Partners LLC v. Oppenheim*, 638 F. Supp. 2d 394, 405 (S.D.N.Y. 2009). Defendants' representations indicate that the submission of renewed motions would not incur significant time or expense.

Lastly, both Defendants argue that Plaintiff's motion should be denied on the ground of futility, "because [P]laintiff's proposed Second Amended Complaint will not rectify any of the deficiencies that CUNY identified in its [motion to dismiss]." Dkt. 56 at 1. Plaintiff maintains that the additional factual allegations add "clarity and context" to Adams's behavior, and provide more information about the timing and substance of the complaints she brought before CUNY. *See* Dkt. 57 at 2; 60 at 5. In light of the admonition that leave to amend should be given freely, the Court will grant Plaintiff leave here. Whether the SAC states any claim upon which relief can be granted is a question that the Court will ultimately determine upon resolution of Defendants' motions to dismiss.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to file a Second Amended Complaint is GRANTED. Defendants' motions to dismiss are denied as moot, without prejudice to refile. No later than December 14, 2020, Defendants shall file answers or renewed motions to dismiss. The Clerk of Court is respectfully directly to terminate items 19, 32, 37, 44, 48, and 51 on the docket.

SO ORDERED.

Dated: November 23, 2020
New York, New York

Ronnie Abrams
United States District Judge