USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/24/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUDITH SANDRINE DIKAMBI,

                Plaintiff,

                v.

CITY UNIVERSITY OF NEW YORK, DR.
CARLTON J. ADAMS,

                Defendants.

---

No. 19-CV-9937 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Nearly three years ago, Plaintiff Judith Dikambi brought this action against Defendants City University of New York ("CUNY") and Dr. Carlton J. Adams (collectively, "Defendants"), alleging gender discrimination, sexual harassment, and unlawful retaliation in employment, in violation of Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments Act of 1972, and state law. On September 14, 2021, the Court granted in part and denied in part Defendants' motions to dismiss Plaintiff's second amended complaint. Now before the Court are Defendants' motions to dismiss the remaining causes of action stated in Plaintiff's third amended complaint ("TAC")—her hostile work environment claim against CUNY under Title VII and her hostile work environment claim against Adams under the New York City Human Rights Law ("NYCHRL"). For the reasons that follow, the motions are denied.

## BACKGROUND

The Court assumes the parties' familiarity with the pertinent facts, given the extensive motion practice that has already taken place in this action. Accordingly, the Court recites only those developments that are relevant to resolving the instant motions.

On September 14, 2021, the Court granted in part and denied in part the motions to dismiss Plaintiff's second amended complaint, allowing only Plaintiff's hostile work environment claims against CUNY (under a Title VII vicarious liability theory) and against Adams (under the NYCHRL) to go forward.  As relevant here, the Court found that Plaintiff's hostile work environment claim against CUNY was timely under the continuing violation doctrine because one act contributing to that environment—Adams' unexplained February 8, 2018 delivery of Plaintiff's thesis paper to her office—occurred within the limitations period.  This finding led to the conclusion that Plaintiff had also stated a hostile work environment claim against Adams under the NYCHRL, because she had pleaded Adams' actual participation in the alleged harassment.

On September 28, 2021, CUNY moved for reconsideration of the Court's September 14 order.  CUNY argued that because Adams was no longer Plaintiff's direct supervisor at the time that the single incident falling within the limitations period occurred, Adams could not be considered a supervisor for purposes of assessing CUNY's vicarious liability.  Moreover, according to CUNY, Plaintiff had failed to plead facts supporting CUNY's liability for co-worker harassment—meaning that her Title VII claim failed as a matter of law.  CUNY also submitted documents confirming that the no-contact order against Adams had gone into effect only after he had delivered the paper to Plaintiff's office.  *See* Klein Reconsideration Dec. Ex A.  It argued that the absence of a no-contact order rendered Adams' February 8 conduct insufficiently related to his earlier conduct so as to constitute a "continuing" violation, and that Plaintiff's claim was therefore untimely.

While CUNY's reconsideration motion was pending, Plaintiff filed her TAC—the operative complaint in this action.  In that pleading, Plaintiff raised the same substantive allegations regarding the nature and duration of Adams' harassment that she did in her prior

2

complaints.  But while she continued to allege that her understanding was that there was a no-contact order in place when Adams came to her office on February 8, the documents attached to her pleading failed to rebut CUNY's evidence that there was no such order in place until February 23.  *See* Jones TAC Dec. Ex. D (memo from college administration explaining that "there would be little if any need for future interaction" between Plaintiff and Adams).

The Court denied CUNY's reconsideration motion on November 24, 2021.  Relying on the Supreme Court's guidance that "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible *for the purposes of assessing liability*, so long as an act contributing to that hostile environment takes place within the statutory time period," it rejected CUNY's argument that an alleged harasser's status during the within-limitations-period incident controls for purposes of assessing an employer's liability for that harasser's conduct.  Reconsideration Order at 6 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002)).  Therefore, the Court maintained its prior holding that Plaintiff had stated a Title VII vicarious liability claim against CUNY based on Adams' supervisor status.

Turning to CUNY's argument regarding the no-contact order, the Court agreed that the evidence submitted by CUNY controlled over Plaintiff's allegation that a no-contact order was in place when Adams came to her office.  But, the Court explained, "[w]hether or not there was a no-contact order in place on February 8, 2018 was not dispositive to [its earlier] conclusion that Adams' conduct that day was sufficiently related to his earlier harassment to constitute a continuing violation." *Id.* at 9.  "Nor was the Court's conclusion that Plaintiff stated a claim against Adams under the NYCHRL dependent on the existence of a no-contact order" as of that date.  *Id.* Accordingly, the Court declined to reconsider any aspect of its ruling regarding Plaintiff's NYCHRL claim against Adams.

These motions to dismiss the TAC followed.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In making that determination, the Court must accept as true all well-pled factual allegations and draw from them all reasonable inferences. *See, e.g.*, *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 189.[1]  The Court may also consider any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any integral document in the plaintiff's possession and on which the plaintiff relied in drafting the complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016).

## DISCUSSION

### I.    CUNY's Motion to Dismiss Is Denied

In its fourth motion to dismiss filed in this action, CUNY makes two arguments.  First, it contends that because a no-contact order was not in place on February 8, 2018, Adams' conduct on that date cannot act as a "hook" to render Plaintiff's hostile work environment claim timely under the continuing violation doctrine.  To quote CUNY:

> The alleged violation of a "no contact" order was, however, Plaintiff's *only* hook to argue a possible connection between the February 8, 2018 incident and any earlier conduct.  Now that it is clear there was no such "no contact" order as of February 8, 2018, there no longer is any basis for the Court's prior conclusion that "Plaintiff has plausibly alleged that Adams's conduct on February 2018 was a

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

continuation of the conduct that created a hostile work environment." The continuing violation doctrine is thus inapplicable here, and Plaintiff's hostile work environment claim should be dismissed because it is not timely.

MOL at 2-3. CUNY elaborates that, without the presence of a no-contact order, Adams' conduct on February 8 cannot be related to his earlier conduct and thus qualify as "continuing." *See id.* at 9 ("[T]he single incident on February 8, 2018 is different in nature and severity from Adams's alleged conduct before September 2017."). CUNY's second argument for dismissal is that, because "Adams was merely Plaintiff's co-worker [on February 8, 2018] . . . CUNY therefore cannot be liable for Adams's conduct unless it either (1) provided no reasonable avenue for complaint, or (2) knew of the harassment and did nothing about it." *Id.* at 3 (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995)).

Both these arguments are identical to the arguments previously made by CUNY in its failed request for reconsideration. Indeed, CUNY cites the very same cases that it cited in its reconsideration motion and that the Court deemed "inapposite" when denying that motion. *Compare* MOL at 14, *with* Reconsideration Order at 7.[2] CUNY makes no effort to explain why this authority should alter the Court's reasoning when it failed to do so several months ago, nor does CUNY even acknowledge the existence of the Court's Reconsideration Order in its opening brief. And while it does mention that Order in its reply brief, it does so only to support its argument that there was not a no-contact order in place on February 8, 2018. But, of course, in its Reconsideration Order, the Court found that "*even without th[e] fact [that Adams was violating a no-contact order]*, one could reasonably infer that Adams came to Plaintiff's office and gave her

---

[2] On reply, CUNY cites only one case on this issue that it did not cite in its reconsideration motion: *Bemis v. Harker*, No. 19-CV-0404 (DBH), 2021 WL 1269897 (D. Me. Apr. 6, 2021). In *Bemis*, the court concluded that conduct within a limitations period cannot "amount to an anchoring event"—that is, cannot be a continuation of prior conduct—when it is "neither harassment sufficiently severe or pervasive so as to alter the conditions of [a plaintiff's] employment nor harassment substantially related to the earlier alleged conduct." *Id.* at *3. But the Court has already concluded that Adams' February 8, 2018 conduct *was* related to his earlier conduct, notwithstanding the presence or absence of a no-contact order on that date, making *Bemis* easily distinguishable.

a copy of her thesis paper for the purpose of taunting or intimidating her," and was thus "sufficiently related to his earlier harassment to constitute a continuing violation." Reconsideration Order at 9 (emphasis added). Because CUNY offers no reason why the Court should reconsider its Reconsideration Order, the Court declines to do so.[3]

## II.     Adams' Motion to Dismiss Is Denied

Adams' motion to dismiss is similarly a disguised reconsideration motion, as he either attempts to relitigate the Court's prior findings or raises arguments not previously raised despite having had the opportunity to do so. Neither of these strategies succeeds.

Adams first argues that because "most of the factual underpinnings of [Plaintiff's] hostile work environment claim were found by CUNY, after a two-year quasi-judicial proceeding, in which Plaintiff actively participated, to be without support, Plaintiff is barred from re-litigating those findings." MOL at 3. In support of this argument, he relies on a letter from CUNY to Plaintiff in which CUNY explained that it had "completed its investigation" of the complaints Plaintiff had filed against Adams and had found that, while some of her allegations of harassment were substantiated, others were not substantiated. Specifically, a CUNY official had reviewed the factual findings of the investigation and determined that, based on a preponderance of the evidence, Plaintiff's allegations were not substantiated to the extent she alleged that Adams had repeatedly asked to sleep with her, touched her breasts and buttocks, and subjected her to unwanted oral sexual contact. *See* Jones TAC Dec. Ex. A. According to Adams, not only must this Court defer to those factual findings, but those findings also doom Plaintiff's hostile work environment claim.

---

[3] CUNY further relies on the fact that Plaintiff no longer alleges that she was alone when Adams visited her office in February 2018, in contrast with her second amended complaint. But the Court had the benefit of Plaintiff's TAC and accompanying documents when it issued its Reconsideration Order, and nevertheless concluded that Plaintiff had stated a continuing violation.

Pursuant to 28 U.S.C. § 1738, federal courts must give state judicial proceedings "the same full faith and credit" that the state court proceedings would be entitled to in their home state. *Long Island Lighting Co. v. Imo Indus., Inc.*, 6 F.3d 876, 885 (2d Cir. 1993). "[W]hen a state agency acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986). New York courts, in turn, must "give conclusive effect to the quasi-judicial determinations of administrative agencies when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law." *Ryan v. New York Tel. Co.*, 467 N.E.2d 487, 489 (N.Y. 1984). As part of this inquiry, courts consider whether giving preclusive effect to the administrative proceeding would be unfair or unexpected. *See Long Island Lighting Co.*, 6 F.3d at 886.

As an initial matter, Adams points to no authority (and the Court has found none) supporting the proposition that a state college's misconduct investigation is a type of administrative proceeding that might trigger collateral estoppel, or that CUNY has the statutory authority to act adjudicatively in response to Plaintiff's claims.[4] In any event, the Court cannot conclude either that the issues raised in the two proceedings are identical or that the CUNY proceeding was quasi-judicial in nature. Collateral estoppel is permitted only if, among other things, "the identical issue was raised in a previous proceeding" and that issue was "actually litigated and decided." *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997). Although the allegations that were either substantiated or not substantiated in CUNY's internal

---

[4] The state agency proceedings to which this doctrine is ordinarily applied are more formal proceedings such as Article 78 matters, Section 3020–a hearings, and Department of Human Rights investigations.

investigation are certainly related to the issues raised in this case, they are not identical. CUNY's inquiry centered on whether nine individual allegations Plaintiff had made about Adams' conduct were substantiated based on a "preponderance of the evidence" standard; the question here is whether Plaintiff can prevail on a hostile work environment claim that is based on a holistic assessment of various alleged incidents—including multiple incidents that were not considered by CUNY at all—and in which no single incident is determinative of liability. In other words, none of the discrete issues CUNY decided in its investigation are "decisive of the present action." *Basak v. New York State Dep't of Health*, 9 F. Supp. 3d 383, 395 (S.D.N.Y. 2014). That finding alone precludes Adams' argument.

Moreover, the dearth of information about CUNY's investigation precludes a finding that the process was quasi-judicial in nature. "In determining whether a party had a full and fair opportunity to litigate the issue . . . the various elements which make up the realities of litigation[] should be explored, including the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 734 (2d Cir. 2001). Here, the sole description of CUNY's investigation is that it was conducted "pursuant to the [CUNY] Policy on Sexual Misconduct and the [CUNY] Policy on Equal Opportunity and Non-Discrimination." Jones TAC Dec. Ex. A. There is no indication in the record that any hearing or cross-examination took place[5]; that Plaintiff had counsel; or that she

---

[5] Adams argues that "Plaintiff concedes that she actively participated in the quasi-judicial process, including that she was present at sessions where she had an opportunity to question Adams." MOL at 10. But the paragraph of the TAC to which he cites in support states only that Plaintiff attended a "conference" at which Adams and CUNY officials were present and that ended with an official advising Plaintiff to accept Adams' apology and take a vacation. TAC ¶ 26. It is unclear if and how this conference was part of the investigative process (or, even if it was, that Plaintiff was able to ask Adams any questions at the time, much less effectively cross-examine him).

was able to obtain the type of evidence that she may obtain in discovery in this action. *See id.* at 735-36 (concluding that a state agency proceeding did not estop a plaintiff's claims when the plaintiff "did not receive any type of hearing wherein she could confront the witnesses against her," "was not entitled to any discovery," including interviews of witnesses, and did not have counsel); *accord Hemant Patel, M.D., P.C. v. Bandikatla*, No. 18-CV-10227 (LGS), 2021 WL 4254977, at *3 (S.D.N.Y. Sept. 17, 2021) ("Collateral estoppel is inapplicable here because the record suggests that the DOL determination was based on an investigation rather than a full hearing."). And, as Plaintiff rightly notes, the forum of the prior litigation belies the inference of a quasi-judicial process, as the very same entity that is a defendant in this action is the one that investigated Plaintiff's claims.

Next, Adams contends that Plaintiff's allegations in her TAC are "deficient as a matter of law" because they are "vague and non-specific." MOL at 4. The TAC's statements regarding the nature of Adams' harassment are, however, identical to the allegations that the Court has previously deemed sufficient, including the allegations that were incorporated into both of Plaintiff's pleadings via an exhibit.[6] Similarly, Adams' final argument—that Plaintiff has failed to allege that she was treated less well than other employees because of a protected characteristic— blatantly ignores the Court's prior finding to the contrary based on precisely the same allegations. *See* September 14 Order at 15 ("To state a claim under municipal law, a Plaintiff need only allege that she was treated less well than other employees because of a protected characteristic. . . . Plaintiff's allegations that Adams repeatedly subjected her to unwanted sexual touching and derogatory comments of a racialized nature plainly state a claim under that standard.").

---

[6] To the extent this argument relies on the proposition that the Court can consider only the allegations that CUNY's investigation substantiated, the Court's rejection of Adams' estoppel argument defeats this theory.

**CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are denied.  The Clerk of Court

is respectfully directed to terminate the motions at docket numbers 104 and 115.

SO ORDERED.

Date: June 24, 2022
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge