**SCHWARTZ SLADKUS REICH GREENBERG ATLAS** LLP

Lynn E. Judell - Direct: 212-743-7110 - ljudell@ssrga.com

November 21, 2022

**By ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1506
New York, NY 10007

Re: *Dikambi v. CUNY, et al.*
Case No.: 1:19-cv-09937 (RA)

Dear Judge Abrams

We represent Defendant Dr. Carlton J. Adams ("Adams") in the above-referenced case.

This letter is submitted in support of Adams' motion to strike Plaintiff Judith Dikambi's ("Plaintiff") Counterstatement of Material Facts Not in Dispute.

**Background**

As the Court is aware, this is an employment discrimination case in which Plaintiff claims that she was subject to a hostile work environment by Adams.

On September 13, 2022, Adams, in support of his motion for summary judgment against Plaintiff, filed a Rule 56.1 Statement of Undisputed Material Facts ("Adams' Rule 56.1 Stm") consisting of 91 numbered statements. *(See* ECF Doc. No. 164.)

On November 4, 2022, in response to Adams' Rule 56.1 Stm., Plaintiff filed a Statement of Material Facts to Which There Are Genuine Disputes ("Plaintiff's Responses") and a Counterstatement of Material Facts Not in Dispute ("Plaintiff's Counterstatement"). *(See* ECF Doc. No. 181.)

As Plaintiff's Counterstatement fails to comply with Rule 56.1(b) (c) and (d) of the Local Civil Rules for the United States District Court for the Southern and Eastern Districts of New York, Adams respectfully requests that the Court: (i) strike the Counterstatement in its entirely and direct Plaintiff to file a new Counterstatement; and (ii) stay Adams' time to file a Reply in further support of his motion for summary judgment until the Court determines this motion.

Hon. Ronnie Abrams
November 21, 2022

### The Legal Standard for Striking a Rule 56.1 Statement

"The purpose of a Rule 56.1 Statement is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). Rule 56.1(a) requires that a motion for summary judgment be accompanied by a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."

The non-moving party must respond with a "correspondingly numbered paragraph responding to each ... statement of the moving party [citing to admissible evidence], and if necessary, [may add] additional paragraphs containing a separate, short and concise statement of additional material facts." Rule 56.1(b), (c). Each statement of material facts not specifically controverted by the non-moving party is deemed admitted. Rule 56.1(d). *See Holz v. Rockefeller & Co.*, 258 F.3d at 74; *Obeid on Behalf of Gemini Real Estate Advisors LLC v. La Mack*, 2018 WL 2059653 at * 15 (S.D.N.Y. April 30, 2018).

As noted, to the extent that the non-moving party believes that additional details or dates are necessary and cannot be accommodated in responding to the movant's statements, they can be set forth, briefly and concisely in an additional statement. *See* May 23, 2018 Order, *Ritornato v. NYS Division of Military and Naval Affairs*, 14 -cv-7854 (CS) (S.D.N.Y.) (A copy of the order is annexed as Exhibit A.) "But Local Civil Rule 56.1 was not intended to permit each party to present its version of the facts and have the other side respond. The non-moving party must respond to the moving party's version but beyond that, it may only set forth, briefly and concisely, other issues it believes require resolution at trial. It may not provide a lengthy narrative of its version of events." *Id.* Thus, in *Ritornato*, the court held that plaintiff's Rule 56.1 Counterstatement, consisting of 201 additional paragraphs violated Rule 56.1, struck the counterstatement, and ordered the plaintiff to file a new counterstatement that complied with Rule 56.1.

Accordingly, like in *Ritornato*, Courts have routinely disregarded or struck counterstatements that violate the short and concise rule. *See e.g.* January 28, 2022 Order in *Cardwell v. Davis Polk & Wardwell LLP*, 19-cv-10256 (GHW)(S.D.N.Y.) (striking 56.1 statement and directing plaintiff to file an amended counter-statement)(*see* Exhibit B); *Collins v City of New York*, No. 14-cv-08815 (AJN), 2017 WL 11582468 at *3 (S.D.N.Y. July 10, 2017) (striking 57-paage counter-statement); *Graves v. Deutsche Bank Sec., Inc.*, No. 07-cv-5471 (BSJ), 2012 WL 6097712, at * 1-2 (S.D.N.Y. Nov. 30, 2012), *aff'd* 548 F. App'x 654 (2d Cir. 2013)(rejecting as improper at 127-page counter-statement containing arguments clearly intended to supplement plaintiff's brief which were unnecessary and 'woefully outside the scope of a 'separate, short and concise statement of additional material facts').

Hon. Ronnie Abrams
November 21, 2022

### Plaintiff's Counterstatement Fails to Comply with Local Rule 56.1(b), (c) and (d)

Here, Plaintiff's Counterstatement, consisting of 138 separate statements, goes well beyond a separate, short, and concise statement of additional material facts. Instead, the Counterstatement is a lengthy narrative of Plaintiff's version of events and sets forth legal arguments clearly intended to supplement her brief in opposition to Adams' motion for summary judgment.

### Conclusion

Accordingly, Adams respectfully requests that the Court issue an order striking all the statements in Plaintiff's Counterstatement and requiring Plaintiff to file a new Counterstatement that complies with Rule 56.1. In addition, Adams respectfully requests that the Court stay the time for Adams to submit his Reply Brief, and his response to Plaintiff's Responses to his Statement of Material Facts, until the Court determines this motion. (Under the current schedule, Adams' Reply Brief is due November 25, 2022.)

Thank you for your consideration.

Respectfully submitted,

*/s/ Lynn E. Judell*
Lynn E. Judell

cc: All Counsel of Record *via* ECF

The Court will consider Defendant Adams' motion to strike Plaintiff's Rule 56.1 Counterstatement in conjunction with Defendant's motion for summary judgment. Accordingly, the motion to stay is denied. Defendant may seek an extension of time to file his reply brief and his response to Plaintiff's Counterstatement to the extent he has a good faith basis to do so.

SO ORDERED.

Hon. Ronnie Abrams
11/22/2022