UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

JUDITH SANDRINE DIKAMBI,

*Plaintiff,*

-against-

DR. CARLTON J. ADAMS,

*Defendant.*

</td><td>

Case No. 1:19-cv-09937 (RA)(SLC)

**SETTLEMENT AGREEMENT,
GENERAL RELEASE AND ORDER
OF DISMISSAL**

</td></tr>
</table>

This **SETTLEMENT AGREEMENT, GENERAL RELEASE AND ORDER OF DISMISSAL** ("Settlement Agreement") is entered into on this 11th day of April 2024 by and between Plaintiff Judith Sandrine Dikambi ("Plaintiff") and Defendant Dr. Carlton J. Adams ("Adams" or "Defendant") as follows:

**WHEREAS,** Plaintiff commenced this action by filing a complaint on or about October 27, 2019 ("the Complaint") (ECF No. 1), in the United States District Court for the Southern District of New York, Case Number 1:19 Civ. 09937, against City University of New York ("CUNY") and Dr. Carlton J. Adams ("Defendant" or "Adams") (CUNY and Adams collectively referred to as "Defendants") asserting claims under Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.;* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.;* the New York City Human Rights Law, N.Y.C. Admin. Code§ 8-101 *et seq.* for sexual harassment;

**WHEREAS,** Plaintiff field a Charge of Discrimination with the Equal Employment Opportunity Commission on or about October 22, 2018, ("EEOC Charge"), and in which she

subsequently received a Notice of Right to Sue on or about July 29, 2019;

**WHEREAS,** the claims and allegations in the Complaint, the amended complaints, the proposed Fourth Amended Complaint, and the EEOC Charge, together with all related filings and proceedings, constitute "the Action";

**WHEREAS,** on or about April 3, 2020, Plaintiff filed an Amended Complaint against CUNY and Adams.

**WHEREAS,** CUNY and Adams filed motions to dismiss the Amended Complaint on May 14, 2020, and June 15, 2020, respectively;

**WHEREAS,** on or about June 30, 2020, Plaintiff filed a Second Amended Complain ("SAC")

**WHEREAS,** on December 14, 2020, CUNY and Adams filed motions to dismiss Plaintiff's SAC.

**WHEREAS,** on September 14, 2021, the-Court denied CUNY's motion to dismiss with respect to Plaintiff's Second cause of action for hostile work environment but granted the motion in other respects and denied Adam's motion with respect to Plaintiff's Seventh Cause of Action for a hostile work environment but granted the motion in other respects;

**WHEREAS,** on November 12, 2021, Plaintiff filed a Third Amended Complaint ("TAC");

**WHEREAS,** on December 6, 2021, and December 17, 2021, respectively, CUNY, and Adams, filed motions to dismiss Plaintiff's TAC;

**WHEREAS,** on June 24, 2022, the Court denied Defendants' motions to dismiss the TAC;

**WHEREAS,** on September 6, 2022, CUNY filed a motion for summary judgment dismissing Plaintiff's TAC;

**WHEREAS,** on September 13, 2022, Adams filed a motion for summary judgment dismissing Plaintiff's TAC;

**WHEREAS,** on September 5, 2023, the Court issued an Opinion and Order (ECF Doc. No. 210)

granting CUNY's motion for summary judgment and denying Adams' motion for summary judgment;

**WHEREAS,** on or about November 21, 2023, Plaintiff requested issuance of a Summons in connection with a proposed Fourth Amended Complaint ("FAC") which sought to add tort claims against CUNY and Adams pursuant to the New York State Adult Survivors' Act;

**WHEREAS** Adams did not file an opposition to Plaintiff's motion for leave to file a FAC and the Court did not decide the motion because the parties advised the Court that they wished to participate in Court-sponsored settlement conference;

**WHEREAS,** on January 26, 2024, the parties and counsel for the parties participated in an in-person settlement conference with Magistrate Judge Sarah Cave;

**WHEREAS,** on February 8, 2024, the parties advised Mag. Judge Cave that they had reached a settlement in accordance with her recommendation;

**WHEREAS,** Adams expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever;

**WHEREAS** Plaintiff and Adams desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability;

**WHEREAS** no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

**NOW THEREFORE,** in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and Adams hereby stipulate and agree as follows:

1.       **Dismissal of Action Against Defendant.**

The Action, and all claims asserted in it, are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without payment, attorneys' fees, costs, disbursements, or expenses to any of these parties as against the other, other than as set forth in Paragraph 2 of this Settlement Agreement.

2.       **Payment to Plaintiff and Plaintiff's Attorneys.**

In full consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and the undertakings set forth herein, including the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York on behalf of CUNY and Adams shall pay the gross sum of Two Hundred Twenty Five Thousand ($225,000.00) Dollars to Plaintiff and Plaintiff's attorneys as follows:

(i)      The State of New York, on behalf of CUNY, shall pay to Plaintiff the gross sum of One Hundred and Fifty-Seven thousand ($157,000.00) Dollars, for which all required documentation shall be issued, if applicable, to Plaintiff in this amount, in full and complete satisfaction of any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim, allegation, or cause of action in the Action, including the Complaint, SAC and TAC and proposed FAC including claims for sexual assault and any physical and/or emotional injuries resulting therefrom, compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, punitive damages, and liquidated damages in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or

4

alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Judith Sandrine Dikambi and mailed to Leech Tishman Fuscaldo & Lampl, LLC, 875 Third Avenue, New York, New York 10022.

(ii)    The State of New York, on behalf of CUNY, shall pay to Plaintiff's attorneys, Leech Tishman Fuscaldo & Lampl, LLC, the gross sum of Sixty Eight Thousand ($68,000.00) dollars, for which all required documentation shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses that Plaintiff may have for any and all attorneys who have at any time represented, consulted with, or acted on behalf of Plaintiff in connection with the Complaint or this Action. The foregoing payment shall be made payable to Leech Tishman Fuscaldo & Lampl, LLC, and mailed to Leech Tishman Fuscaldo & Lampl, LLC, 525 William Penn Place, 28th Floor, Pittsburgh, PA 15219.

**3.        State Approval of Payments.**

The payments referenced in Paragraph 2 of this Settlement Agreement are conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

**4.        Accrual of Interest.**

Pursuant to CPLR 5003-a(c), payment shall be made within ninety (90) days of the Comptroller's determination that all papers required to effectuate the settlement have been received by him. In the event

that payment in full is not made within said ninety-day period, interest shall accrue on the outstanding balance at the rate set forth in 28 U.S.C. § 1961, beginning on the ninety-first day after the Comptroller's determination.

5.       **Liability for Taxes.**

Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, or her attorneys for fees paid to said attorneys. Plaintiff and her attorneys agree and acknowledge that they shall have no claim, right, or cause of action against CUNY and/or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to the Defendant, whether in his individual or official capacity, on account of such taxes, interest, or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless CUNY and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any from or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax. Nothing in this Settlement Agreement shall constitute a determination of whether or not any or all of the settlement amount is taxable.

6.       **Responsibility of Plaintiff for Liens and Setoffs.**

Plaintiff agrees that Defendant, CUNY or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation, or child

support liens, that may attach to the payments referenced in Paragraph 2 and that Plaintiff shall have no claim, right, or cause of action on account of such liens or setoffs.

7.      **Liability of Plaintiff for Any Medicare Payments or Medicare Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless CUNY or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to Adams, whether in his individual or official capacity, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, CUNY and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

8.      **Medicare Certification.**

Plaintiff represents and warrants that she is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on her behalf by Medicare, and further that she does not expect to be Medicare eligible and/or a recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2 and that this document falls within the category of "other documentation" and "required documentation" described in Paragraph 3 of

this Settlement Agreement.

9.        **General Release.**

(i)      For and in consideration of the payments referenced in Paragraph 2 of this Settlement Agreement Plaintiff, on behalf of Plaintiff, Plaintiff's heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), releases and forever discharges the State of New York, CUNY, and all other Defendants, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint and all related filings and proceedings in the Action. Plaintiff does not waive or release any nonwaivable statutory protections. Plaintiff does not waive or release claims that may arise after Plaintiff executes the Settlement Agreement. Additionally, nothing in the release prohibits Plaintiff from speaking with law enforcement, the Equal Employment Opportunity Commission, the State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating

8

in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

(ii)    For good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Defendant Adams on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Defendant Releasing Parties"), hereby release and forever discharge Plaintiff her heirs, executors, administrators, successors, and assigns (the "Plaintiff Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Defendant Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Plaintiff Released Parties, for or by reason of any act, transaction, occurrence, omission cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement. Defendant Adams is not waiving or releasing any nonwaivable statutory protections. Defendant Adams is not waiving or releasing any claims that may arise after Plaintiff executes this Settlement Agreement. Additionally, nothing in this Release prohibits Defendant Adams from speaking with law enforcement, the EEOC, the State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

9

10.       **No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on her own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Adams to enter into this Settlement Agreement.

11.       **Waiver of Attorneys' Lien.**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12.       **No Other Attorney.**

Plaintiff represents and warrants that besides the undersigned attorneys, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13.       **No Prevailing Party.**

Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14.       **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15.       **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that she/he, has the

requisite authority to enter into this Settlement Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

16. **Voluntary Agreement.**

Plaintiff represents that she has thoroughly discussed all aspects of this Settlement Agreement, including the General Release, with her counsel, and Plaintiff represents that she has carefully read and fully understand all the provisions of this Settlement Agreement. Plaintiff represents that she has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledge that they understand its terms, contents, and effect. Plaintiff acknowledges that she has consulted with her attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

17. **Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18. **No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Adams, CUNY, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, including but not limited to Defendant, whether in his individual or

official capacity, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of CUNY or the State of New York.

**19.        No Precedential Value.**

The Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except to enforce the provisions of this Stipulation of Settlement and Discontinuance.

In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop CUNY, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, including but not limited to Defendant, whether in his individual or official capacity, in a pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defense.

**20.        Mutual Non-Disparagement.**

Plaintiff and Adams agree that they will not disparage the other or make a statement that is likely to be harmful to the business or personal reputation of the other party. Nothing in this Agreement is intended, however, to preclude either party from providing truthful testimony under oath discussing the underlying facts and circumstances of the claims raised in the Action; or engaging in any other legally protected disclosure activity, including conduct protected under Section 7 of the National Labor Relations Act (if and to the extent applicable) or any other federal, state or local law.

In addition, the parties agree to abide by the terms of the No Contact Orders issued by CUNY to both

Plaintiff and Adams on or about February 23, 2018, and signed by Plaintiff on March 1, 2018, and by Adams on February 27, 2018.

**21.      Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**22.      Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

**23.      Severability.**

With the exception of paragraphs, 1, 2, 3, 6, 7, 8, 9 and 11 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**24.      Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

**25.     Submission to the Court.**

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

**26.     Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein and have each executed this Settlement Agreement to be effective on the day and date first above written.

**JUDITH SANDRINE DIKAMBI**

STATE OF NEW YORK           )
                                                 ): ss.
COUNTY OF NEW YORK   )

On April 4th, 2024, before me personally came and appeared Judith Sandrine Dikambi, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that she executed the same.

Notary Public

MICHAEL YORIO
Notary Public, State of New York
No. 01YO62ECC718
Qualified in Nassau County
Commission Expires April 30, 2024

14

_____
**DR. CARLTON J. ADAMS**

STATE OF NEW YORK    )
                     ): ss.
COUNTY OF NEW YORK   )

On April _11_, 2024, before me personally came and appeared Dr. Carlton J. Adams know to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that he executed the same.

Notary Public
LYNN E JUDELL
Notary Public, State of New York
No. 02JU6381938
Qualified in New York County
Commission Expires 10/15/2022 _2026_

Dated: New York, New York
        April __, 2024


**LEECH TISHMAN FUSCALDO & LAMPL, LLC**
*Attorneys for Plaintiff Judith Sandrine Dikambi*

_____
Lisa Alexis Jones, Esq.
875 Third Avenue
New York, NY 10022
332.232.1302

Dated: New York, New York
        April _11_, 2024

**RUKAB BRASH PLLC**
*Attorneys for Defendant Dr. Carlton J. Adams*

_____
Lynn E. Judell, Esq.
50 West 17th Street, 9-S
New York, NY 10011
(212) 257-1960

15

**DR. CARLTON J. ADAMS**

STATE OF NEW YORK      )
                                              ): ss.
COUNTY OF NEW YORK   )

     On April __, 2024, before me personally came and appeared Dr. Carlton J. Adams know to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that he executed the same.

Notary Public

Dated: New York, New York
     April 4, 2024

**LEECH TISHMAN FUSCALDO & LAMPL, LLC**
*Attorneys for Plaintiff Judith Sandrine Dikambi*

Lisa Alexis Jones, Esq.
875 Third Avenue
New York, NY 10022
332.232.1302

Dated: New York, New York
     April __, 2024

**RUKAB BRASH PLLC**
*Attorneys for Defendant Dr. Carlton J. Adams*

Lynn E. Judell, Esq.
50 West 17th Street, 9-S
New York, NY 10011
(212) 257-1960

15

**SO ORDERED:**

Dated: ___April 15___, 2024

Hon. Ronnie Abrams
U.S.D.J.

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____,

                                          Plaintiff,

                – against –

_____,

                                Defendant(s).

**AFFIRMATION OF MEDICARE
ELIGIBILITY STATUS**

00-CV-0000 (XXX)

_____ hereby affirms the following, pursuant to N.Y. C.P.L.R. 2106:

1.     I am the Plaintiff in the above-captioned action ("the Action").

2.     I submit this affirmation on personal knowledge as the Plaintiff. I am aware that it will be relied upon by the Office of the Attorney General ("OAG") in connection with the settlement of or the judgment in the Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.     I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my Medicare status due to the injuries alleged in the Action.

4.     I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am, as the Plaintiff, required to:

     a.     reimburse Medicare from the proceeds of the settlement or judgment in the Action for conditional payments Medicare has made for treatment of my injuries alleged in the Action; and

     b.     use the settlement or judgment proceeds in the Action to pay for my future medical expenses, when those expenses are for care or treatment related to the injuries alleged in the Action.

5.     I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA as deemed necessary and/or required by the OAG.

6.     I agree to promptly provide OAG with any and all information necessary and required for

its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION
*✒ Please provide the noted personal background information. ✒*

7.     I have been known by the following names (including any and all alias names and former names:_____.
I hereby acknowledge that I can be identified by these names and that all these names are indeed referring to me.

8.     I consent to OAG verifying my Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA.

9.     I affirm that:
       a.  My social security number is: _____
       b.  My date of birth is: _____
       c.  My gender is: _____
       d.  My address is: _____
       e.  My telephone number is: _____

## CURRENT MEDICARE STATUS
*✒ Please initial next to the statements below that apply to your current Medicare eligibility status. ✒*

10.    As of the effective date of the settlement or judgment in the Action:

       a.  _____ I am not currently receiving, nor have I ever received, Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage).

### -OR-

11.    As of the effective date of the settlement or judgment in the Action:

       a.  _____ I am a Medicare beneficiary. My Medicare number is _____.
       I am aware of my obligation to reimburse Medicare, including any Medicare Part C and Part D Plans for payments and/or benefits that I received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in the Action. I understand that reimbursement directly to Medicare may be made from the proceeds I receive from the settlement or judgment in the Action; and

           i.   _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter.**

           ii.  _____ Medicare (Part C and Part D), if applicable, have confirmed that no

payment is due and owing from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Lien Letter.**

iii. _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter.**

iv. _____ Medicare (Part C and Part D) have confirmed that it will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of $_____ directly from the proceeds of the settlement or the judgment in the Action in reimbursement to the provider(s) of my Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter.**

v. _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned AAG and to OAG's Medicare Compliance Officer by email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in the Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand Letter, I consent to the payment, directly from the proceeds of the settlement or judgment in the Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

### FUTURE MEDICARE STATUS
*✏ Please initial next to the statements below that apply to your future Medicare status. ✏*

12. As of the effective date of the settlement or judgment in the Action:

a. _____ I am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in the Action because:

i. _____ I have not applied for social security disability (SSDI);
ii. _____ I have not been denied SSDI and anticipating appealing that decision;
iii. _____ I am not in the process of appealing or re-filing for SSDI;
iv. _____ I am not 62.5 years or older; and
v. _____ I do not have End Stage Renal Disease (a qualifying condition for Medicare).

3

**-OR-**

13.     As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action because I do not reasonably expect my current incarceration to end within 30 months.

**-OR-**

14.     As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not a Medicare beneficiary. **However**, I do anticipate that I will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action; and

        i. _____ I do **not** require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in the Action. **Attached is a copy of the Physician Certification.**

**-OR-**

        ii. _____ I do require future treatment for the injuries that are the subject of the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**-OR-**

        iii. _____ I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the alleged injuries. Furthermore, I do not anticipate seeking medical treatment for the injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or judgment in the Action to pay for any medical expenses relating to such injuries.

15.     As of the effective date of the settlement or judgment in the Action:

    a. _____ I am a Medicare beneficiary; and

i. _____ I do not require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in the Action. **Attached is a copy of the Physician Certification.**

**-OR-**

ii. _____ I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of \$_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my future medical expenses relating to the injuries that are the subject of this Action. **Attached is a copy of the MSA Trust.**

**-OR-**

iii. _____ I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged in the Action. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the amount of proceeds from the settlement or the judgment in the Action to pay for any medical expenses relating to such injuries.

I affirm under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: _____, 2024
New York, New York

_____
[Name of Plaintiff]